**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | **Crim. Case No. CR-19-34-001-RAW** |
| **v.** | ) | |
| | ) | **Civ. Case No. CV-22-213-RAW** |
| **CHRISTOPHER MICHAEL WHITAKER, SR.,** | ) | |
| | ) | |
| **Defendant/Movant.** | ) | |

## <u>ORDER</u>

Now before the court is the *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion") filed by Defendant Christopher Michael Whitaker, Sr. [CR Doc. 665; CV Doc. 1]. The Government filed a brief in opposition to Defendant's § 2255 motion. [CR Doc. 669]. Defendant did not file a reply.

On October 28, 2019, Defendant pleaded guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [CR Doc. 401]. The plea agreement included a waiver of certain appellate and post-conviction rights. [CR Doc. 404 at 4]. Defendant specifically waived "the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a)." *Id.* Defendant also waived "the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel." *Id.* The United States Probation Office prepared a Presentence Investigation Report ("PSR"). Based upon a total offense level of 33 and a criminal history category of II, the guideline imprisonment range was 151 to 188 months of incarceration. [*PSR* at ¶ 75]. Both parties objected to the PSR. *See Addendum to PSR.* On July 23, 2020, the court sustained one of Defendant's objections to the PSR and sentenced him to 125 months of imprisonment, to be followed by a four-year term of supervised release. [CR Doc. 582]. Judgment was entered on August 3, 2020. [CR Doc. 586]. Defendant was represented by appointed counsel, Michael G. McGuire, in proceedings before the district court.

Despite his appeal waiver, Defendant filed a notice of appeal. [CR Doc. 594]. Mr. McGuire filed a Motion to Withdraw as Appellant's Counsel of Record, which was granted, and Defendant was represented by appointed counsel, Mr. Gregory M. Acton, on direct appeal. The Government argued, in part, that Defendant's appeal must be dismissed because he knowingly and voluntarily waived the right to appeal his conviction and sentence as part of the plea agreement. *See United States v. Whitaker*, No. 20-7050, 861 Fed.Appx. 240, 242 (10th Cir. July 7, 2021) (unpublished). Mr. Acton submitted a reply in accordance with counsel's obligations under the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), explaining that there were no non-frivolous issues for review in the appeal. The Tenth Circuit Court of Appeals concluded that Defendant's appeal waiver was valid and enforced it against him. *Whitaker*, 861 Fed.Appx. at 246. After noting that an "independent review revealed no non-frivolous grounds for reversal," the Circuit granted counsel's motion to withdraw and dismissed the appeal. *Id*.

Defendant's § 2255 motion was filed on August 1, 2022.[1] [CR Doc. 665]. Defendant claims his "plea agreement was not knowingly and voluntarily made." *Id*. at 1. Defendant also contends that counsel was ineffective. He argues that counsel failed "to conduct an adequate investigation during the pretrial phase," failed "to conduct an adequate investigation during the sentencing phase," and failed "to subject his case to the adversarial test." *Id*. at 1, 4. Defendant further claims "[c]ounsel was ineffective due to the conflict of interest that his attorney was in an intimate relationship with a family member," and that counsel failed "to argue the leadership enhancement." *Id*. at 1. Lastly, Defendant argues that counsel was ineffective for waiving his right to appeal. *Id*.

In response, the Government contends that Defendant waived his right to file a § 2255 motion. [CR Doc. 669 at 14]. In addition, the Government notes that Defendant's first claim "was addressed by the Tenth Circuit on appeal." *Id*. at 18. The claim, according to the Government, is therefore "barred from being relitigated." *Id*. The Government further argues that Defendant's claim regarding the four-level leadership enhancement is procedurally barred since Defendant "failed to raise it on appeal." *Id*. at 20. Lastly, the Government contends that Defendant cannot establish ineffective assistance of counsel. *Id*. at 21-31.

---

[1]    The Government concedes that the § 2255 motion is timely. [CR Doc. 669 at 14].

*Defendant's First Claim*.

Defendant claims his "plea agreement was not knowingly and voluntarily made." [CR Doc. 665 at 1]. In order to determine whether a waiver is entered knowingly and voluntarily, a court must examine "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." *See United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004)). The court will also "look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

The plea agreement [CR Doc. 404] has been examined by the Circuit and this court. *See Whitaker*, 861 Fed.Appx. at 244-45. The language is unambiguous and shows the waiver was knowingly and voluntarily made. Defendant initialed every page of the plea agreement. He also signed page 5. On that page, above Defendant's signature, is the following language:

> The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant[']s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

[CR Doc. 404 at 5]. Moreover, Defendant and defense counsel signed page 12. On that page, above Defendant's signature, is the following language:

> ACKNOWLEDGMENTS
>
> I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

*Id*. at 12. On that same page, above defense counsel's signature, is the following language:

3

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

*Id*.

Next, Defendant has not alleged any issues with the plea colloquy used at the plea hearing. The Circuit reviewed the transcript of the change of plea hearing and found "the Rule 11 colloquy was adequate." *Whitaker*, 861 Fed.Appx. at 245. This court's standard plea colloquy has repeatedly been upheld as constitutionally effective by the Tenth Circuit.

Defendant also makes inconsistent statements regarding an alleged promise from his attorney regarding the sentence he would receive if he pleaded guilty. [CR Doc. 665 at 3-5]. On the one hand, he claims his attorney "advised the defendant to plead guilty and he would receive a ten-year sentence." *Id*. at 5. He repeats the claim on page four of his motion, arguing that "[t]he facts of the promise by his attorney that he would only serve 120 months (about 10 years) will be established only in a hearing where testimony can be taken by the defense attorney." *Id*. at 4. But on page three of his motion, Defendant claims if he "had known that his sentence would be higher than 60 months, he would not have accepted the plea agreement." *Id*. at 3. Furthermore, Defendant's statements in the motion are clearly at odds with his testimony at the change of plea hearing. Defendant was specifically asked, "Have you been forced or threatened in any way or promised anything by any person to plead guilty today?" [CR Doc. 514 at 13]. Defendant stated, "no, sir." *Id*. Defendant was also asked, "Do you understand that the sentence you will receive is solely a matter within the control of the sentencing judge after considering the Federal Sentencing Guidelines?" *Id*. at 14. Defendant stated, "yes."[2] *Id*.

The Government argues, and the court agrees, that Defendant's claim is barred from being relitigated. *See Foster v. Chatman*, 578 U.S. 488, 519 (2016) ("[A]s a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."). The Tenth Circuit applied the *Hahn* factors to determine whether Defendant's appeal waiver in the plea agreement was valid and enforceable, and specifically

---

[2]    "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

concluded that Defendant "knowingly and voluntarily waived his appeal rights." *See United States v. Whitaker*, 861 Fed.Appx. at 244. Defendant's plea agreement was knowingly and voluntarily made.

Defendant's remaining claims are based on ineffective assistance of counsel. The waiver in the plea agreement allows Defendant to pursue ineffective assistance of counsel claims in a collateral proceeding. Furthermore, the procedural default rule does not apply to ineffective assistance of counsel claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). The court will therefore address the merits of Defendant's ineffective assistance of counsel claims.

*Defendant's Second and Third Claims.*

Defendant contends in his second claim that "[c]ounsel was ineffective for failure to conduct an adequate investigation during the pretrial phase." [CR Doc. 665 at 1]. He also claims "[c]ounsel was ineffective for failure to conduct an adequate investigation during the sentencing phase." *Id*. at 4. As for the third claim, Defendant argues that "[c]ounsel was ineffective for failure to subject his case to the adversarial test." *Id*. at 1.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel, and claims of ineffective assistance of counsel are governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland v. Washington* standard, Defendant must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. at 687. Regarding the first prong, the *Strickland* Court provided the following guidance:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Id.* at 689 (internal citation omitted).  With respect to the second prong, the Supreme Court explained a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  This court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).  "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010).  "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (citations and internal quotation marks omitted).

The Government argues in the instant case that "Defendant's claims lack merit."  [CR Doc. 669 at 24].  The Government further contends that "Defendant's claims are vague and fail to establish ineffectiveness." *Id*. at 25.  The court agrees with the Government.

In *Hill v. Lockhart*, the Supreme Court explained that "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant fails to identify what investigative tactics should have been conducted or explain how such alleged failure to investigate would have changed his decision to plead guilty.  Nor does he identify potentially exculpatory evidence.  Defendant fails to show that counsel was ineffective for failing to investigate.

Defendant next claims his attorney failed to subject his case to the adversarial test by failing to demonstrate any type of defense.  [CR Doc. 665 at 5].  Defendant asserts that his counsel "failed to file pretrial motions and conduct an adequate discovery." *Id*.  The Government, however, reminds the court that "[a]t each pre-trial conference, at the *James* hearing, and at the change of plea, Mr. McGuire provided information regarding the efforts he

made to insure [sic] Defendant understood everything that was happening in the case," and further, that counsel "filed motions on behalf of the Defendant, asserted novel arguments regarding the necessary proof at trial, and offered jury instructions based upon those arguments." [CR Doc. 669 at 25]. Defendant fails to establish how counsel's performance was deficient, or that Defendant was prejudiced.

The court is also mindful that counsel negotiated a plea deal which resulted in Defendant's guideline sentencing range being much less than what he would have received had he been convicted by a jury. And, given the weight of the evidence the Government would have presented at trial, it is unlikely that a jury would have found Defendant not guilty. Defendant has failed to meet his burden under *Strickland*.[3]

*Defendant's Fourth Claim.*

Defendant contends that "[c]ounsel was ineffective due to the conflict of interest that his attorney was in an intimate relationship with a family member." [CR Doc. 665 at 1]. Defendant alleges that his "representation was limited because once the family member and the defense counsel began to have domestic issues that affected his level of effective representation." *Id*. at 6. According to the Defendant, "[c]ounsel ceased advocating for the defendant and as a result should have been removed as counsel." *Id*.

The Government argues, in part, that "[t]his particular allegation is vague." [CR Doc. 669 at 26]. The Government notes that Defendant does not identify the family member. *Id*. The Government also points out that "nowhere does Defendant identify how the alleged 'intimate relationship' had any bearing on his decision to plead guilty." *Id*.

Defendant's allegations are conclusory and do not establish ineffective assistance of counsel under *Strickland*. The court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

---

[3] "A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." *Lee v. United States*, 582 U.S. 357, 367 (2017).

*Defendant's Fifth Claim.*

Defendant claims "[c]ounsel was ineffective for failure to argue the leadership enhancement." [CR Doc. 665 at 1]. In response, the Government initially contends that the claim is procedurally barred since Defendant "failed to raise it on appeal." [CR Doc. 669 at 20]. Defendant's claim, however, is based on ineffective assistance of counsel. As noted above, the procedural default rule does not apply to ineffective assistance of counsel claims. The Government further argues that "[w]hile Defendant may not have been satisfied with the outcome, the record in this case establishes Mr. McGuire did 'argue the leadership enhancement.'" [CR Doc. 669 at 28].

Defendant's claim falls flat. Both parties objected to the PSR. *See Addendum to PSR*. The Government argued that the four-level enhancement was warranted pursuant to U.S.S.G. § 3B1.1(a), and Mr. McGuire objected to the Government's request for the four-level enhancement. *Id*. The Probation Officer ultimately agreed with the Government and modified the PSR to apply the enhancement. *Id*. Mr. McGuire then argued against the four-level enhancement within the sentencing memorandum filed on behalf of Defendant. [CR Doc. 574 at 22-23]. The undersigned also heard extensive argument regarding the enhancement at sentencing, and Defendant's objection was overruled. [CR Doc. 616 at 2-12, 15-18]. Defendant fails to show that counsel was ineffective for failing to argue the leadership enhancement. Defendant has not satisfied the *Strickland* test.

*Defendant's Sixth Claim.*

Lastly, Defendant argues that "[c]ounsel was ineffective for waiving the defendant's right to appeal." [CR Doc. 665 at 1]. Again, the Government contends that the plea agreement was knowingly and voluntarily made. [CR Doc. 669 at 28]. The Government further states "[t]o the extent Defendant is now alleging the plea agreement was entered into due to the ineffective assistance of Mr. McGuire, that claim fails." *Id*. The Government reminds the court that "[a]t the change of plea hearing, there was much discussion regarding Defendant's awareness of the waiver of appellate rights." *Id*.

Once more, Defendant's claim is conclusory and does not establish ineffective assistance of counsel under *Strickland*. The plea agreement was knowingly and voluntarily made. Mr. McGuire advised the court that he and Defendant had reviewed the waiver of appellate and post-conviction rights. [CR Doc. 514 at 16-18]. The Circuit pointed to the following statements made by Mr. McGuire:

> [Mr. Whitaker] and I have reviewed specifically . . . these waivers, Your Honor. These are very important. And I spend more time on that than anything else. They have to understand what they are giving up. Waiver of Appellate and Post-Conviction Rights, Waiver of Departure and Variance Rights. Of course, [Mr. Whitaker] didn't really know too much about that once we got into this thing. We spent a lot of time going over it. He understands it. I've worked really hard to make sure that this is engrained in him. What you are giving up, . . . and what you can't do and what you don't have if you do this plea agreement. So the appellate and post-conviction rights were important.

*Whitaker*, 861 Fed.Appx. at 245 n.4. The Circuit further noted that this court "verified that Mr. Whitaker agreed with his counsel's statement." *Id*. Defendant's claim of ineffective assistance of counsel must be denied.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 motion on procedural grounds without reaching the merits of a defendant's claims, a certificate of appealability should issue when a defendant "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a § 2255 motion on the merits, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Upon consideration, this court finds that Defendant cannot meet either of these standards. This court hereby declines to issue a certificate of appealability.

Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [CR Doc. 665; CV Doc. 1] is hereby DENIED.[4]  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 17th day of June, 2025.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[4]    The motion, files and records of this case conclusively show that Defendant is entitled to no relief.  Thus, no evidentiary hearing was held.